UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHYLISS GRAYSON; and PHILLIP
PENSON,

    Plaintiffs,

v.                                                       Case No. 6:20-cv-1770-RBD-GJK

LOCKHEED MARTIN
CORPORATION,

    Defendant.
_____

**ORDER**

Defendant Lockheed Martin Corporation ("Lockheed") moves to dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 60 ("Complaint")). (Doc. 62 ("Motion").) Plaintiffs responded. (Doc. 65.) On review, the Motion is granted in part.

**BACKGROUND**[1]

Lockheed owns and operates a weapons manufacturing facility in Orlando, Florida ("Orlando Facility") that stores, utilizes, and disposes of toxic chemicals. (Doc. 60, ¶¶ 1, 30.) These toxic chemicals require the utmost care and handling, but Lockheed stored the toxins in leaking storage tanks, collected and transported

---

[1] The facts in the Complaint (Doc. 60) are taken as true and construed in the light most favorable to Plaintiffs. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2015).

them in leaking underground piping systems, and dumped them in trenches. (*Id.* ¶¶ 2–3; *see also id.* ¶¶ 31–48.) Because of Lockheed's actions, there are high concentrations of contaminants throughout the Orlando Facility and surrounding area. (*Id.* ¶¶ 4, 9–10; *see also id.* ¶¶ 49–82.) These contaminants are very harmful to the human body, causing various disorders and cancers. (*Id.* ¶¶ 6–7; *see also id.* ¶¶ 49–82.) Plaintiffs allege they were exposed to these contaminants, requiring monitoring to detect diseases. (*Id.* ¶¶ 112–15.) And Plaintiff Phyllis Grayson's property, located within five miles of the Orlando Facility, has declined in market value because of its proximity to the toxic exposure. (*Id.* ¶¶ 21, 110, 116.)

Plaintiffs, individually and on behalf of others similarly situated, sued Lockheed for strict liability, public nuisance, private nuisance, negligence, and medical monitoring. (Doc. 60.) Lockheed moves to dismiss Plaintiffs' Complaint. (Doc. 62.) With briefing complete (Doc. 65), the matter is ripe.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## ANALYSIS

Lockheed argues the Complaint should be dismissed because: (1) it is a shotgun pleading; (2) the medical monitoring claim does not comply with Federal Rule of Civil Procedure 8; (3) the proposed medical-monitoring class is so facially incohesive that the impropriety of class certification is apparent from the face of the Complaint; and (4) Grayson lacks standing to assert a public nuisance claim. (Doc. 62, pp. 1–2.)

### I. Shotgun

Complaints that violate the Federal Rules of Civil Procedure "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings fail "to give the defendant[] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings include complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

Lockheed argues the Complaint is one such pleading, pointing to the section titled: "Contamination Lockheed Martin Dumped into the Soil, Groundwater, and

Air at the Orlando Facility." (Doc. 62, pp. 4–5.) There, Plaintiffs list multiple volatile organic compounds, pollutants, and heavy metals allegedly present at dangerous levels at the Orlando Facility because of Lockheed's conduct. (Doc. 60, ¶¶ 49–82.) And Plaintiffs say these compounds, pollutants, and metals are harmful to humans. (*Id.*)

Lockheed objects to the extensive details, arguing Plaintiffs fail to connect the allegations to any claims. (Doc. 62, pp. 4–5.) Not so. The allegations on the specific toxic substances are not conclusory, vague, or immaterial—they are tied directly to Plaintiffs' claims that Lockheed is liable for mishandling dangerous toxic substances. (*See* Doc. 60, ¶¶ 130–98.) The Complaint gives Lockheed more than enough notice of the claims against them, so it is not a shotgun pleading. *See Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1315–16 (M.D. Fla. 2019).

## II.    Medical Monitoring

Plaintiffs allege they and members of a medical monitoring class have been exposed to toxic contaminants because of Lockheed's negligence, increasing their risk of later suffering from serious latent diseases and requiring periodic diagnostic medical examinations. (Doc. 60, ¶¶ 190–98.) They seek a court supervised and administered trust fund and medical monitoring regime. (*Id.* ¶ 197.) Lockheed argues the medical monitoring claim fails to satisfy Rule 8 and

the proposed medical monitoring class is facially incohesive. (Doc. 62, pp. 5–19.)

> A medical monitoring claim in Florida requires the plaintiff to prove:
>
> (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

*Coffie v. Fla. Crystals Corp.*, 460 F. Supp. 3d 1297, 1313 (S.D. Fla. 2020) (quoting *Petito v. A.H. Robbins Co.*, 750 So. 2d 103, 106–107 (Fla. 3d DCA 1999)). If proven, the court may "use its equitable powers to create and supervise a fund for medical monitoring purposes." *Id.* Lockheed argues Plaintiffs have recited the elements of a medical monitoring claim, with no facts in support. (Doc. 62, pp. 5–8.)

Plaintiffs identify the specific compounds, pollutants, and heavy metals they were exposed to at dangerous levels because of Lockheed's negligence and the specific diseases they are at an increased risk of contracting because of this exposure, including cancer and multiple sclerosis. (Doc. 60, ¶¶ 49–82, 103–13.) So Plaintiffs have sufficiently pled the first four elements of their medical monitoring claim. *See Coffie*, 460 F. Supp. 3d at 1313–14.

Plaintiffs summarily allege the last three elements. (Doc. 60, ¶¶ 106, 194–95.) But "a formulaic recitation of the elements of a cause of action" is insufficient for

a claim to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs must provide factual allegations in support. *See id.* Plaintiffs argue this support can be found in the toxicological profiles they incorporated in their Complaint.[2] (Doc. 65, pp. 11–12; *see* Doc. 60, ¶¶ 49–82 nn. 1–103.) While these documents contain extensive information on each substance's toxicity, adverse health effects, and recommendations for determining exposure to the substance, the reports do not provide information on how to monitor latent diseases, how these methods would differ from normally prescribed monitoring, and if the monitoring methods are reasonably necessary. (*See* Doc. 60, ¶¶ 49–82 nn. 1–103); *cf. Jerue v. Drummond Co.*, No. 8:17-cv-587, 2018 WL 7461683, at *17 (M.D. Fla. Apr. 19, 2018). So Plaintiffs have not sufficiently alleged their medical monitoring claim. *See Coffie*, 460 F. Supp. 3d at 1314; *Gibson v. Lapolla Indus., Inc.*, No. 6:13-cv-646-Orl-36KRS, 2014 WL 12617007, at *4 (M.D. Fla. Jan. 31, 2014). But the Court dismisses the claim without prejudice, giving Plaintiffs leave to replead to add factual support for these elements. *See Coffie*, 460 F. Supp. 3d at 1314.

As the Court dismisses Plaintiffs' medical monitoring claim without prejudice, it need not reach Lockheed's argument that Plaintiffs' proposed medical monitoring class is facially uncertifiable. (*See* Doc. 62, pp. 8–9.) But the Court notes

---

[2] As the reports are referenced in the Complaint, the Court can consider them at the motion to dismiss stage. *See Cacace v. Swacina*, No. 07-20410-CIV, 2007 WL 9709744, at *1 n.1 (S.D. Fla. May 17, 2007) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002)).

for any future motion that "the parties' pleadings alone are often not sufficient to establish whether class certification is proper." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

### III.     Public Nuisance Standing

Last Defendants argue Plaintiff Phyllis Grayson lacks standing to bring a public nuisance claim.[3] (Doc. 62, pp. 19–20.) Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a threshold jurisdictional question that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).

"A public nuisance violates public rights, subverts public order, decency or morals, or cause inconvenience or damage to the public generally." *Orlando Sports Stadium, Inc. v. State ex rel. Powell*, 262 So. 2d 881, 884 (Fla. 1972). So a public nuisance is ordinarily addressed by governmental authorities. *Brown v. Fla. Chautauqua Ass'n*, 59 Fla. 447, 451 (Fla. 1910). But a "private individual may sue to abate a public nuisance, where and only where, [s]he suffers a special injury from its maintenance different from that suffered by the public generally." *Page v. Niagara Chem. Div. of Food Mach. & Chem. Corp.*, 68 So. 2d 382, 384 (Fla. 1953).

---

[3] The public nuisance claim is brought by Grayson; Plaintiff Phillip Penson does not join this claim. (*See* Doc. 60, p. 62.)

Lockheed argues Grayson has failed to identify a special injury. (Doc. 62, pp. 19–20.) The Court disagrees. Grayson owns property within five miles of the Orlando Facility and alleges because of this proximity and Lockheed's misconduct, the market value and enjoyment of her home has suffered. (Doc. 60, ¶¶ 116, 161.) So Grayson has alleged interference with her private property rights—a special kind of injury that is not common to the public at large. *See Town of Surfside v. Cnty. Line Land Co.*, 340 So. 2d 1287, 1289 (Fla. 3d DCA 177). Grayson has standing to bring her public nuisance claim.

## CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. Defendant Lockheed Martin's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 62) is **GRANTED IN PART AND DENIED IN PART:**

    a. Count V of Plaintiff's Complaint (Doc. 60, ¶¶ 190–98) is **DISMISSED WITHOUT PREJUDICE**;

    b. In all other respects, the Motion is **DENIED**.

2. By **Wednesday, May 26, 2021**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in this action proceeding without Count V.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 13, 2021.

-9-

ROY B. DALTON JR.
United States District Judge