## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PHYLISS GRAYSON; and PHILLIP
PENSON, individually and on behalf of
all other similarly situated,

      Plaintiff,

v.

LOCKHEED MARTIN
CORPORATION,

      Defendant.

Case No. 6:20-cv-1770-37GJK

## LOCKHEED MARTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Lockheed Martin Corporation, answers Plaintiffs' Third Amended Complaint and Demand for Jury Trial ("Amended Complaint"), and as to each correspondingly numbered paragraph states as follows:

### INTRODUCTION

1.    Admitted only that Lockheed Martin Corporation ("Lockheed Martin") owns and operates a facility at 5600 Sand Lake Road, Orlando, Florida ("Sand Lake Road Facility"). By way of further answer, Lockheed Martin states that the boundaries of the Sand Lake Road Facility have changed over time. Otherwise, denied.

2.    Admitted only that the Sand Lake Road Facility has been in operation since approximately 1957. By way of further answer, Lockheed Martin states that

portions have been used to manufacture aerospace and defense systems for the United States and allied nations.  Otherwise, denied.

3.      Denied.

4.      Admitted only that regulatory requirements have been established at various times for certain substances in environmental media by federal, state, and local law, and that regulatory records concerning the Sand Lake Road Facility speak for themselves.  Otherwise, denied.

5.      Admitted only that trichloroethylene and methylene chloride are considered volatile organic compounds.  Otherwise, denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Admitted only that Lockheed Martin has performed environmental remediation, including air sparging, air stripping, soil vapor extraction, pump and treat technology, excavation, and in-situ bioremediation.  By way of further answer, Lockheed Martin states that it performed environmental remediation activities under the oversight of environmental regulatory agencies.  Otherwise, denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Admitted only that Lockheed Martin has sold parcels of land contiguous with the Sand Lake Road Facility.  Otherwise, denied.

16.     Admitted only that Lockheed Martin continues operations at the Sand Lake Road Facility.  Otherwise, denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

## **PARTIES**

21.     Lockheed Martin lacks knowledge or information sufficient to form a belief about the truth regarding Plaintiff Phyllis Grayson's citizenship or residence. Otherwise, denied.

22.     Lockheed Martin lacks knowledge or information sufficient to form a belief about the truth regarding Plaintiff Phillip Penson's citizenship or residence. Otherwise, denied.

23.     Admitted only as to Lockheed Martin's headquarters and principal place of business.  Further admitted that Lockheed Martin and certain predecessors have owned and operated the Sand Lake Road Facility for certain periods of time, during which its boundaries have changed.  By way of further answer, Lockheed Martin denies that it is a Delaware corporation.  Otherwise, denied.

## JURISDICTION AND VENUE

24.     Lockheed Martin lacks knowledge or information sufficient to form a belief about the amount in controversy or the membership of the putative class. Otherwise, admitted.

25.     Admitted only that Lockheed Martin operates the Sand Lake Road Facility.  Otherwise, denied.

26.     Lockheed Martin admits that venue is proper in this district.  Otherwise, denied.

## STATEMENT OF FACTS

### A.     THE ORLANDO FACILITY

27.     Admitted only that the Sand Lake Road Facility opened in approximately 1957, and that Lockheed Martin was formed when Martin Marietta Corporation and Lockheed Corporation merged in or about 1995.  Otherwise, denied.

28.     Denied.

29.     Admitted only that Lockheed Martin manufactured various aerospace and defense products at the Sand Lake Road Facility.

30.     Denied.

### B.     LOCKHEED MARTIN'S TOXIC MISMANAGEMENT

31.     Admitted only that various chemicals, including solvents, were stored and used at the Sand Lake Road Facility, which resulted in generation of certain wastes.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or

procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

32.    Admitted only that various chemicals, including solvents, were stored and used at the Sand Lake Road Facility, which resulted in generation of certain wastes.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

33.    Denied.

34.    Denied.

35.    Admitted only that electroplating was conducted at the Sand Lake Road Facility, which resulted in generation of certain wastes.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

36.    Admitted only that electroplating was conducted at the Sand Lake Road Facility, which resulted in generation of certain wastes.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

37.    Denied.

38.    Denied.

39.    Admitted only that certain chemicals were received, stored, and used at the Sand Lake Road Facility.  Otherwise, denied.

40.    Admitted only that an incinerator operated at the Sand Lake Road Facility between 1958 and 1964.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

41.    Admitted only that from 1958 to 1967, waste was managed onsite.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

42.    Admitted only that certain features were dug on portions of the Sand Lake Road Facility for various reasons.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

43.     Admitted only that certain features were dug on portions of the Sand Lake Road Facility for various reasons.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

44.     Admitted only that certain features were dug on portions of the Sand Lake Road Facility for various reasons.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

45.     Admitted only that certain features were dug on portions of the Sand Lake Road Facility for various reasons.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

46.     Admitted only that certain chemicals were collected, stored, or moved in underground piping or tanks at the Sand Lake Road Facility.  By way of further answer, Lockheed Martin states that operations were conducted in accordance with then-existing government requirements, policies or procedures, and environmental

laws over which federal, state, and local governments had jurisdiction and exercised oversight.  Otherwise, denied.

47.    Admitted only that elevated levels of certain constituents have been detected in groundwater at the Sand Lake Road Facility.  By way of further answer, Lockheed Martin states that it has been diligently and successfully remediating groundwater with elevated levels of certain constituents under the oversight of regulatory agencies.  Otherwise, denied.

48.    Denied.

## C.    CONTAMINATION LOCKHEED MARTIN DUMPED INTO THE SOIL, GROUNDWATER, AND AIR AT THE ORLANDO FACILITY

49.    Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

50.    Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

51.    Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

52.    Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

53.    Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

54.    Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

55.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

56.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

57.     Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

58.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

59.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

60.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

61.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

62.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

63.     Admitted only that the referenced agency document speaks for itself. Otherwise, denied.

64.     Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

65.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

66.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

67.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

68.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

69.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

70.     Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

71.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

72.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

73.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

74.     Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

75.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

76.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

77.     Admitted only that the referenced public agency documents speak for themselves.  Otherwise, denied.

78.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

79.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

80.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

81.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

82.     Admitted only that the referenced public agency document speaks for itself.  Otherwise, denied.

## D.    LOCKHEED MARTIN EXPOSES THE COMMUNITY TO TOXIC WASTE

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Admitted only that Lockheed Martin has performed environmental remediation, including air sparging, air stripping, soil vapor extraction, pump and treat technology, excavation, and in-situ bioremediation.   By way of further answer, Lockheed Martin states that it performed environmental remediation activities under the oversight of environmental regulatory agencies.   Otherwise, denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Admitted only that Lockheed Martin has sold parcels of land contiguous with the Sand Lake Road Facility.   Otherwise, denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

**E.   PLAINTIFFS AND MEMBERS OF THE MEDICAL MONITORING CLASS WERE EXPOSED TO LOCKHEED MARTIN'S TOXIC WASTES, AND REQUIRE MEDICAL MONITORING**

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

119.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

120.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed

Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

121.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

122.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

123.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

124.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

125.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

126.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

127.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

128.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

129.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

130.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

131.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed

Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

132.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

133.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

134.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

135.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

136.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

137.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

138.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

139.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

140.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

141.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

142.    Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed

Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

143.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

144.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

145.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

146.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

147.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.  Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

148.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.   Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

149.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.   Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

150.   Denied.

151.   Lockheed Martin denies that its activities adversely impacted the putative class representatives, putative class members, or anyone else.   Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

## CLASS ALLEGATIONS

152.   Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

153.   Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

154.   Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

155.   Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

156.    Denied.

157.    Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.   Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

158.    Lockheed Martin denies that common questions of law and fact predominate over any questions affecting individual putative class representatives or members.   By way of further answer, Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

159.    Lockheed Martin denies that the putative class representatives' claims are typical of those of the putative class members.   Lockheed Martin also denies that it caused any increased risk of illnesses and diseases for anyone.   By way of further answer, Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.   Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

160.    Lockheed Martin denies that the putative class representative's claims are typical of those of the putative class members.   Lockheed Martin also denies that it caused any decline in value or diminished enjoyment of real property within the proposed class area or otherwise.   By way of further answer, Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment.

Otherwise, Lockheed Martin lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

161. Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment. Otherwise, Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

162. Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment. Otherwise, Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

163. Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment, including as to injunctive or declaratory relief. Otherwise, Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

164. Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment, including as to particular, common issues. Otherwise, Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations of this paragraph.

165. Lockheed Martin denies that this action is appropriate for class certification or any form of class treatment. Otherwise, denied.

## <u>COUNT I—STRICT LIABILITY; ULTRAHAZARDOUS ACTIVITY</u>

*(On behalf of Plaintiff Phyllis Grayson and the Homeowners Class)*

166.    Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

## <u>COUNT II—STRICT LIABILITY; Fla. Stat. §376.313</u>

*(On behalf of Plaintiff Phyllis Grayson and the Homeowners Class)*

179.    Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165.

180.    Denied.

181.    Denied.

182.   Denied.

183.   Denied.

184.   Lockheed Martin admits that the putative class representative and putative class members seek the damages alleged in the Amended Complaint but denies that they have incurred or are entitled to recover any damages.  By way of further answer, Lockheed Martin denies that it caused any diminution in value or loss of use or enjoyment of any real property whether in the proposed class area or anywhere else.  Otherwise, denied.

185.   Denied.

186.   Denied.

### COUNT III—PUBLIC NUISANCE

*(On behalf of Plaintiff Phyllis Grayson and the Homeowners Class)*

187.   Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the allegation in this paragraph.

193.  Lockheed Martin denies that it emitted large or dangerous levels of contamination.  Lockheed Martin is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in this paragraph.

194.  Denied.

195.  Denied.

196.  Denied.

197.  Denied.

198.  Denied.

199.  Denied.

200.  Denied.

201.  Denied.

## COUNT IV—PRIVATE NUISANCE

*(On behalf of Plaintiff Phyllis Grayson and the Homeowners Subclass)*

202.  Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165.

203.  Denied.

204.  Denied.

205.  Denied.

206.  Denied.

207.  Denied.

208.  Denied.

209.  Denied.

## <u>COUNT IV—NEGLIGENCE</u>

*(On behalf of Plaintiff Phyllis Grayson and the Homeowners Class)*

210.   Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Lockheed Martin admits that the putative class representative and putative class members seek the damages alleged in the Amended Complaint but denies that they have incurred or are entitled to recover any damages.   Otherwise, denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

### COUNT V—MEDICAL MONITORING

*(On behalf of Plaintiffs and the Medical Monitoring Class)*

226. Lockheed Martin reasserts its responses to the allegations in paragraphs 1 through 165 and 210 through 225.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

### GENERAL DENIAL

235. Lockheed Martin denies all allegations not explicitly and specifically admitted, above.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
(Statutes of Limitations)

236. Plaintiffs' causes of actions are barred, in whole or in part, by the applicable statutes of limitation.

#### Second Affirmative Defense
(Laches)

237. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Third Affirmative Defense
### (Third Party Defense)

238.   The damages alleged in Plaintiffs' Amended Complaint were caused solely by the act or omission of a third party other than an officer, director, employee, or agent of Lockheed Martin, over whom Lockheed Martin had no control.

## Fourth Affirmative Defense
### (Intervening/Superseding Cause)

239.   Plaintiffs' causes of action fail because, among other things, any alleged harm or damages purportedly incurred by Plaintiffs or contamination of their properties were caused by intervening and/or superseding causes outside of Lockheed Martin's control.

## Fifth Affirmative Defense
### (Apportionment of Damages)

240.   The harm or damages alleged in Plaintiffs' Amended Complaint were caused, in whole or in part, by persons or entities other than Lockheed Martin, and should be apportioned accordingly.

## Sixth Affirmative Defense
### (Collateral Source)

241.   Plaintiffs' recovery for damages, if any, should be reduced by any payments by collateral sources in accordance with Section 768.76, Florida Statutes.

## Seventh Affirmative Defense
### (Comparative Fault)

242.   Plaintiffs' causes of action are governed by Section 768.81, Florida Statutes.  Plaintiffs' negligence contributed to their alleged injuries or damages such that any recovery must be reduced by the percentage of fault attributable to them.

**Eighth Affirmative Defense**
(Proportionate Liability)

243.    To the extent Plaintiffs sustained any damages as a result of their causes of action based on negligence, those damages must be apportioned among any nonparties or subsequently named defendants, whose acts and omissions are divisible and distinct.  Thus, Lockheed Martin's liability, if any, is limited to its percentage of responsibility for Plaintiffs' actual and proved damages.

**Ninth Affirmative Defense**
(Setoff)

244.    To the extent Plaintiffs are entitled to recover any sums against Lockheed Martin, Lockheed Martin is entitled to a set off for any reimbursements and payments received by Plaintiffs from any other sources.

**Tenth Affirmative Defense**
(Contribution)

245.    Lockheed Martin is entitled to the benefits of Section 768.31, Florida Statutes, in regard to contribution among tortfeasors.

**Eleventh Affirmative Defense**
(Unconstitutionality of Damages)

246.    Plaintiffs    are    barred    from    recovering    any    damages    that    are unconstitutional under the U.S. or Florida Constitutions.

**Twelfth Affirmative Defense**
(*Fabre* Defense)

247.    To the extent Plaintiffs sustained any cognizable damages for which they seek recovery, those damages were caused in whole or in part by persons or entities

other than Lockheed Martin who are not parties to this lawsuit.   Thus, Lockheed Martin's liability, if any, is limited to its percentage of responsibility for Plaintiffs' damages, regardless of whether or not other persons or entities are named as co-defendants.   All such *Fabre* defendants will be identified through the course of discovery and Lockheed Martin reserves the right to amend this affirmative defense accordingly and as necessary.

### Thirteenth Affirmative Defense
(Waiver)

248.   Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of waiver.

### Fourteenth Affirmative Defense
(Estoppel)

249.   Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of estoppel.

### Fifteenth Affirmative Defense
(Equitable Estoppel)

250.   Plaintiffs' claims are barred, in whole or in part, under the doctrine of equitable estoppel.

### Sixteenth Affirmative Defense
(Unclean Hands)

251.   Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

## Seventeenth Affirmative Defense
### (Compliance)

252.   Lockheed Martin acted in compliance with applicable laws, statutes, ordinances, regulations, resolutions, and standards, and with government expectations, based upon the existing state of knowledge, and its compliance precludes some or all of the recovery sought by Plaintiffs.

## Eighteenth Affirmative Defense
### (Ratification of Actions)

253.   The causes of action set forth in the Complaint fail because federal, state, and/or local governments and agencies have mandated, directed, approved, and/or ratified the alleged actions or omissions of Lockheed Martin.

## Nineteenth Affirmative Defense
### (Good Faith and Lack of Malice)

254.   Plaintiffs' causes of action fail because Lockheed Martin has at all times acted in good faith and without malice toward Plaintiffs and in accordance with applicable law.

## Twentieth Affirmative Defense
### (Lack of Capacity)

255.   Plaintiffs are not or may not be the real parties in interest and/or lack capacity to bring some or all of the causes of action alleged in the Complaint.

## Twenty-First Affirmative Defense
### (Statutes of Repose)

256.   Plaintiffs' causes of action, in whole or in part, are barred by the applicable statutes of repose.

### Twenty-Second Affirmative Defense
(Failure to Mitigate)

257. Plaintiffs' recovery for their causes of action are barred, or must be reduced, in whole or in part, based on Plaintiffs' failure to mitigate, minimize, or avoid the purported damages alleged.

### Twenty-Third Affirmative Defense
(Primary Jurisdiction)

258. The relief sought by Plaintiffs is within the particular expertise of, and is being addressed by, federal, state, and local governments and their agencies. This Court should abstain and defer to the jurisdiction of public agencies, including, but not limited to, the U.S. Environmental Protection Agency, the Florida Department of Environmental Protection, and the Orange County Environmental Protection Division.

### Twenty-Fourth Affirmative Defense
(Section 376.308 Defenses)

259. Any occurrences alleged were the result of an act of war, act of government, act of God, or an act or omission of a third party with which Lockheed Martin neither had nor has a contractual relationship.

### Twenty-Fifth Affirmative Defense
(Federal Contractor Defense)

260. As Lockheed Martin entered into contracts with the federal government and performed work at the direction of and according to specifications provided by the federal government, Plaintiffs' claims are barred under the federal contractor defense.

### Twenty-Sixth Affirmative Defense
(Derivative Immunity Doctrine)

261.   As the federal government contracted with and authorized Lockheed Martin to engage in work on its behalf, Plaintiffs' claims are barred by the derivative immunity doctrine.

### Twenty-Seventh Affirmative Defense
(State of the Art)

262.   Plaintiffs' claims are barred by the state-of-the-art doctrine.

### Twenty-Eighth Affirmative Defense
(Consent)

263.   Plaintiffs' tort causes of action fail because, among other things, Plaintiffs consented to the conduct forming the basis of their claims.

### Reservation of Rights

264.   Lockheed Martin reserves the right to amend its Answer and Affirmative Defenses based on any facts or circumstances that may be revealed in discovery or otherwise.

*[Signature page follows]*

Dated: June 23, 2021

Respectfully submitted,

Francis A. Citera*
citeraf@gtlaw.com
Gretchen N. Miller*
millerg@gtlaw.com
**GREENBERG TRAURIG, LLP**
77 West Wacker Dr., Ste. 3100
Chicago, Illinois 60601
Telephone: (312) 456-6583
Facsimile: (312) 899-0320

*Specially Admitted*

/s/ David B. Weinstein
David B. Weinstein (FBN 604410)
E-mail: weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
E-mail: torresch@gtlaw.com
Ryan T. Hopper (FBN 0107347)
E-mail: hopperr@gtlaw.com
Jillian M. Askren (FBN 121773)
E-mail: askrenj@gtlaw.com
Christopher R. White (FBN 1022219)
E-mail: whitech@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorneys for Defendant, Lockheed Martin Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ David B. Weinstein
Attorney